IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00155-SKC

WARRENDER ENTERPRISE, INC., d/b/a Lifted Liquids, an Illinois corporation,

　　Plaintiff,

v.

MERKABAH LABS, LLC, a Colorado limited liability company,
MERKABAH TECHNOLOGIES, LLC, a Colorado limited liability company,
RYAN PUDDY, an individual, and
RALPH L. TAYLOR III, an individual,

　　Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE UPON DEFENDANTS RYAN PUDDY AND MERKABAH LABS, LLC [#27]

　　Plaintiff has been attempting service on Defendants Merkabah Labs, LLC ("Merkabah Labs") and Ryan Puddy ("Puddy") (collectively, "Unserved Defendants") for months to no avail. The Unserved Defendants apparent efforts to evade service have stalled this litigation. Plaintiff now seeks to end its quest for effectuating personal service on the Unserved Defendants and to instead achieve service by substituted means.

　　This Order addresses Plaintiff's Motion for Substituted Service Upon Defendants Ryan Puddy and Merkabah Labs, LLC [#27] (the "Motion").[1] The Court has considered

---

[1] The Court uses "[#__ ]" to refer to entries in the CM/ECF Court filing system.

the Motion, the affidavits in support of the Motion, the entire record, and relevant case law.[2] No hearing is necessary. For the following reasons, the Court GRANTS the Motion.

## A. BACKGROUND

Plaintiff filed the Complaint and Jury Demand ("Complaint") [#1] on January 17, 2020 alleging the four Defendants conspired to misappropriate its "confidential business, proprietary, and trade secret information to further their own economic or corporate interests[.]" [*See generally id.*] It served Defendant Merkabah Technologies ("MT") on February 18, 2020 by serving its registered agent, Henry Baskerville, Esq. ("Baskerville"), who represents MT in this case. Baskerville also accepted service on behalf of Defendant Ralph Taylor III ("Taylor") and filed an entry of appearance pertaining to Taylor on April 2, 2020 [#21]. At one time, Baskerville was also authorized to accept service on behalf of Puddy and Merkabah Labs. But somewhere along the way that changed, and Baskerville informed Plaintiff's counsel that Baskerville no longer had authority to accept service for these two defendants.

In the Motion, Plaintiff details its efforts to serve Merkabah Labs and Puddy, as follows:

- Plaintiff first attempted to serve Merkabah Labs and Puddy, <u>who is Merkabah Labs CEO and registered agent</u>, on February 18 and 24, 2020 at Merkabah Labs' principal office in Broomfield, CO, which is the address listed with the Colorado Secretary of State and the address on Merkabah Labs' website. Plaintiff was not successful and concluded that Merkabah Labs is no longer doing business at that address.

---

[2] Defendants Merkabah Technologies, LLC and Ralph L. Taylor III oppose the Motion. [*See* #27 at p. 1.] Although no response has been filed, the Court may rule on a motion "at any time after it is filed." D.C.COLO.LCivR 7.1(d). In light of the status of this case, the Court finds it appropriate to address this Motion before receiving a response.

- Plaintiff next attempted to serve Merkabah Labs and Puddy on March 6, 2020 at Puddy's last known home address in Broomfield, Colorado.

- Plaintiff next attempted to serve Merkabah Labs and Puddy on April 6 and April 7, 2020 at an address in Morrison, Colorado.

- In its Answer, MT represented that Puddy was living in Wisconsin. After additional due diligence, Plaintiff learned that Puddy may be living at an address in Pound, Wisconsin. A process server made two attempts at that address on April 7, 2020 and April 16, 2020.

- It also made two attempts at service on April 6, 2020 and April 10, 2020 at a mailing address for Puddy in Fond du Lac, Wisconsin, which is his father's residence; during both attempts, Puddy's father said he did not know where Puddy was and did not have his phone number.

- Plaintiff made one attempt on April 6, 2020 at a different address also in Fond du Lac, Wisconsin. The owner of the residence stated he had no idea where Puddy was but that Puddy's father would have that information.

[*See generally* #27 and its supporting affidavits.]

It appears that Puddy and Merkabah Labs know of this litigation:

- Puddy is also the CEO and Managing Partner of MT. MT filed an answer in this case on March 10, 2020 [#14], and it is represented by Baskerville.

- Baskerville previously represented to this Court he "believes that he will be representing all named defendants, but he is waiting to confirm this information with Puddy before entering his appearance on behalf of Puddy and Merkabah Labs." [#18 at ¶ 7.]

- Baskerville subsequently informed Plaintiff's counsel that he confirmed he was not authorized to accept service for Puddy and Merkabah Labs.

[*See generally* #27.] Moreover, Baskerville has represented Puddy in other recent federal court litigation in this district, and his law firm website identifies Merkabah Labs as a client. [*Id.*]

3

## B. ANALYSIS

Under Federal Rule of Civil Procedure 4(e), "an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Pursuant to Colorado Rule of Civil Procedure 4(f), "Substituted Service," where a party is unable to effectuate personal service under Colorado Rule of Civil Procedure 4(e), and where service by mail or publication is not permitted under Colorado Rule of Civil Procedure 4(g), "the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Colo. R. Civ. P. 4(e). The motion must include "the identity of the person to [whom] the party wishes to deliver the process," and prior to authorizing substituted service the court must be satisfied that "delivery of the process" to such person "is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective." *Id.*

Plaintiff requests authorization for substituted service on Puddy and Merkabah Labs by personally serving Baskerville and mailing the Summons and Complaint to Puddy at his mailing address and father's address in Fond Du Lac, Wisconsin, and to Merkabah Labs at its principle office and registered agent address in Broomfield, Colorado. [#27 at pp. 8-9.]

Courts in this district have authorized substituted service under Colo. R. Civ. P. 4(f) on an attorney who represented the unserved party in other matters. *See Peck v. Chiddix Excavating, Inc.,* No. 14-cv-01344-RM-MJW, 2014 WL 4820986 at *2 (D. Colo.

Sept. 29, 2014); *Contrada, Inc. v. Parsley*, No. 1:10-CV-00646-WYD-CBS, 2010 WL 2943428 at *4 (D. Colo. July 21, 2010). In these two cases, for example, the courts concluded that based on the circumstances and the attorney's contacts or relationship with the un-served party, service on the attorney was "reasonably calculated to give actual notice to Defendants." *Contrada, Inc.* 2010 WL 2943428, at *4; *Peck*, 2014 WL 4820986, at *2.

The circumstances here are like those in *Peck* and *Contrada*. Plaintiff has provided affidavits by three different process servers reflecting multiple diligent yet unsuccessful attempts over the past three months to personally serve Puddy and Merkabah Labs. [*See* ## 27-1, 27-2, 27-5, 27-6, 27-9.] For his part, Baskerville currently represents and filed an Answer in this case on behalf of MT, for which Puddy is the CEO and Managing Partner. [*See* #27 at p. 4.] He previously represented Puddy in *Densmore v. Sensible Concepts, LLC, et al.*, No. 18-cv-03001-RBJ (D. Colo), and his law firm website lists Merkabah Labs as a client. More significant, however, is Baskerville's representation in the Joint Status Report filed in this Court that "[h]e believes that he will be representing all named defendants, but he is waiting to confirm this information with Puddy before entering his appearance on behalf of Puddy and Merkabah Labs." [*See* #18 at p. 2.] This representation alone indicates that Puddy, through Baskerville, is aware of this lawsuit, and the circumstances suggest that Puddy is evading service on himself and Merkabah Labs.

The Court finds that Plaintiff has satisfied the requirements of Colo. R. Civ. P. 4(f). The Court is convinced Plaintiff has used due diligence under Colo. R. Civ. P. 4(e) to

5

attempt personal service on Puddy and Merkabah Labs and that further attempts will be unavailing; both are aware of this lawsuit and appear to be avoiding service. The Court further finds that personal service on Baskerville is appropriate under the circumstances and reasonably calculated to give actual notice to both Puddy and Merkabah Labs, for the reasons stated above.

\*   \*   \*

IT IS ORDERED that the Motion is GRANTED. Plaintiff is authorized to effectuate service on Puddy and Merkabah Labs under Colo. R. Civ. P. 4(f) as follows:

1. personal delivery of the Summons and Complaint upon Henry Baskerville, Esq., Fortis Law Partners, 1900 Wazee Street, Suite 300, Denver, CO 80202. Delivery of process to this individual is "reasonably calculated to give actual notice to" Puddy in his individual capacity and as registered agent for Merkabah Labs; and

2. mailing of the Summons and Complaint to Puddy, at 302 Tompkins Street, Fond Du Lac, WI 54935, and to Merkabah Labs at its principal office and registered agent address of 2400 Industrial Lane, Broomfield, CO 80020, as listed with the Colorado Secretary of State, on or before the date of delivery to Baskerville.

FURTHER ORDERED that service shall be deemed complete on the date of personal delivery to Baskerville. Colo. R. Civ. P. 4(f).

DATE: May 8, 2020

BY THE COURT:

S. Kato Crews
United States Magistrate Judge